IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL J. HOLMES, | § | |
| *Plaintiff,* | § § § | SA-21-CV-00276-JKP |
| vs. | § § | |
| CITY OF SAN ANTONIO OFFICE OF RISK MANAGEMENT, | § § § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the above-styled cause of action, which was referred to the undersigned for disposition of Plaintiff's motion to proceed *in forma pauperis* and an initial review of the pleadings under 28 U.S.C. § 1915(e). The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be transferred to the docket of the Honorable Chief United States District Judge Orlando L. Garcia and then consolidated into Cause Number 21-CV-00267-OLG-RBF.

**I. Background**

Plaintiff Michael J. Holmes, proceeding *pro se*, filed the instant action on March 16, 2021, by filing a motion to proceed *in forma pauperis* and proposed Complaint. Plaintiff's proposed Complaint names the City of San Antonio Office of Risk Management as the sole Defendant. The Complaint asserts a claim under 42 U.S.C. § 1983, in addition to other state and federal causes of action. The Complaint contains factual allegations regarding a car accident at the San Antonio Airport on January 12, 2021. Plaintiff contends he sustained injuries in the

1

accident, and the City of San Antonio wrongfully denied his claim for bodily injuries, upon a finding that Plaintiff failed to notify the City of the claim within 90 days of the accident as required by the San Antonio City Charter.

Plaintiff has filed three other suits with identical motions to proceed *in forma pauperis* and identical proposed complaints against three other Defendants—the City of San Antonio Airport (SA-21-CV-00267-OLG-RBF), the City of San Antonio (SA-21-CV-00274-FB-RBF), and James Kopp (SA-21-CV-00275-OLG-RBF).  The Court should consolidate these cases into one cause of action.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).  The Fifth Circuit has urged district judges "to make good use of Rule 42(a) in order to expedite . . . trial and eliminate unnecessary repetition and confusion," even when opposed by the parties.  *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973)).  Consolidation is widely permitted "as a matter of convenience and economy" in judicial administration.  *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 394 (5th Cir. 2004), *op. clarified*, 2004 WL 2107672 (5th Cir. 2004) (internal quotation and citation omitted) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933)).  Broad discretion is vested in the district court in deciding whether actions should be consolidated, and to what extent.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989).

There are five factors a court considers in determining whether consolidation is appropriate: (1) whether the actions are pending in the same court; (2) whether there are common parties; (3) whether there are common questions of law or fact; (4) whether there is risk of prejudice or confusion versus a risk of inconsistent adjudications if the cases are tried separately; and (5) whether consolidation will promote judicial economy. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993); *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015). The undersigned finds that all five factors favor consolidation in this instance.

The common practice in this District is for cases to be consolidated into the first-filed case, here Cause Number SA-21-CV-00267-OLG-RBF. The undersigned will therefore recommend that the District Court transfer the instant case to the docket of the Honorable Chief United States District Judge Orlando L. Garcia for consolidation into the first-filed suit.

## II.  Conclusion and Recommendation

Having considered the record before the Court, the undersigned recommends that this cause of action be **TRANSFERRED** to the docket of the Honorable Chief United States District Judge Orlando L. Garcia and then **CONSOLIDATED** into Cause Number SA-21-CV-267-OLG-RBF.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file

the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 24th day of March, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE